IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ELECTRONICALLY FILED
Jun 30 2017
U.S. DISTRICT COURT
Northern District of WV

| | |
|---|---|
| THE MARSHALL COUNTY COAL COMPANY, THE MARION COUNTY COAL COMPANY, THE MONONGALIA COUNTY COAL COMPANY, THE HARRISON COUNTY COAL COMPANY, THE OHIO COUNTY COAL COMPANY, MURRAY ENERGY CORPORATION, and ROBERT E. MURRAY,<br><br>        Plaintiffs,<br><br>v.<br><br>JOHN OLIVER, CHARLES WILSON, PARTIALLY IMPORTANT PRODUCTIONS, LLC, HOME BOX OFFICE, INC., TIME WARNER, INC., and DOES 1 through 10,<br><br>        Defendants. | Civil Action No. 5:17-CV-99 (Bailey) |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Home Box Office, Inc. hereby gives Notice of Removal of the above-captioned action from the Circuit Court of Marshall County, West Virginia, to the United States District Court for the Northern District of West Virginia. The grounds for removal are as follows:

1. This Court has original jurisdiction in this suit pursuant to 28 U.S.C. § 1332 because the real parties in interest are citizens of different states and a fair reading of the Complaint's allegations supports a finding by a preponderance of the evidence that the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs.

2. Plaintiffs the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company are not of diverse

citizenship from Home Box Office, Inc. These Plaintiffs, however, are not real parties in interest. There is no reasonable basis in fact and law for their claims under West Virginia law, and hence they were joined in the Complaint solely for the purpose of defeating diversity jurisdiction. As a result, their citizenship must be disregarded in determining this Court's jurisdiction. *See, e.g., Burns v. W. S. Life Ins.*, 298 F. Supp. 2d 401, 402-03 (S.D. W. Va. 2004); *Grennell v. W. S. Life Ins.*, 298 F. Supp. 2d 390, 395–96 (S.D. W. Va. 2004); *Mylan Pharm. Inc. v. PG Publ'g. Co.*, No. 1:09CV138, 2009 WL 5195865, at *2 (N.D. W. Va. Dec. 18, 2009); *see also Murray Energy Holdings Co. v. Bloomberg, L.P.*, No. 2:15-CV-2845, 2016 WL 3355456, at *2 (S.D. Ohio June 17, 2016).

3. For these reasons, this case is removable under 28 U.S.C. §§ 1332, 1441, and 1446.

I. **THE REMOVED CASE**

4. On or about June 21, 2017, Plaintiffs the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, the Harrison County Coal Company, the Ohio County Coal Company, Murray Energy Coal Corporation, and Robert E. Murray filed a Complaint in the Circuit Court of Marshall County, West Virginia, at Civil Action No. 17-C-124, against Defendants John Oliver, Charles Wilson, Partially Important Productions, LLC ("Partially Important Productions"), Home Box Office, Inc. ("HBO"), Time Warner Inc. ("Time Warner"), and Does 1 through 10. A certified copy of all process, pleadings, and orders from the state court action is attached as Exhibit A.

5. The Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company are "incorporated under the laws of Delaware" and have their principal place of business in the State of West Virginia. Compl. ¶¶ 11-14.

6. Plaintiff the Ohio County Coal Company is "incorporated under the laws of the State of Ohio" and has its principal place of business in West Virginia. Compl. ¶ 15.

7. Plaintiff Murray Energy Corporation is "incorporated under the laws of the State of Ohio" and has its principal place of business in the State of Ohio. Compl. ¶ 16.

8. Plaintiff Robert E. Murray is a resident of Ohio. Compl. ¶ 7.

9. The Complaint alleges that Defendant John Oliver "hosts, writes for, and is the executive producer of a show, 'Last Week Tonight with John Oliver,' that is broadcast weekly on HBO." Compl. ¶ 23. Mr. Oliver is a legal permanent resident of the United States residing in New York. Compl. ¶ 23.

10. The Complaint alleges that Charles Wilson is the "Senior News Producer for Last Week Tonight." Compl. ¶ 24. Mr. Wilson is a resident of New York. Compl. ¶ 24.

11. Defendants HBO and Time Warner are Delaware corporations with their principal places of business in New York. Compl. ¶¶ 22, 26.

12. Defendant Partially Important Productions is a Delaware limited liability company with its principal place of business in New York. Compl. ¶ 25.

13. The Complaint alleges that the identities of Does 1 through 10 are "presently unknown to Plaintiffs," but that they "participated in the events alleged . . . which give rise to the claims asserted by the Plaintiffs." Compl. ¶ 27.

14. The Complaint contains three counts: defamation, false light invasion of privacy, and intentional infliction of emotional distress.

15. All of the allegations arise from the June 18, 2017 episode of "Last Week Tonight with John Oliver." Compl. ¶ 29. According to the Complaint, the program concerned "the decline of jobs in the coal industry, the political criticism of President Obama's 'war on coal,'

the recent regulatory rollback by the Trump administration and the prospect going forward of a revival of coal jobs." Compl. ¶ 30. The Complaint alleges that the episode was a "callous, vicious, and false attack upon Mr. Murray and his companies" which caused Plaintiffs substantial damage. Compl. ¶¶ 1, 58-89.

## II.   DIVERSITY JURISDICTION EXISTS

16.   This is a civil action that falls under the Court's diversity jurisdiction under 28 U.S.C. § 1332 because the real parties in interest are diverse and the amount-in-controversy requirement is met. Thus, the action may be removed to this Court under 28 U.S.C. §§ 1441 and 1446.

### A.   Complete Diversity Exists Between the Real Parties in Interest.

17.   There is complete diversity of citizenship between Plaintiffs Murray Energy, Mr. Murray, and the named Defendants, who are the only real parties in interest:

   a.   Murray Energy is an Ohio corporation with its principal place of business in Ohio. Compl. ¶ 16. It is therefore a citizen of Ohio for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

   b.   Mr. Murray is, on information and belief, domiciled in Ohio. Compl. ¶ 7.

   c.   Mr. Oliver is a legal permanent resident of the United States domiciled in New York. Compl. ¶ 23.

   d.   Mr. Wilson is domiciled in New York. Compl. ¶ 24.

   e.   HBO and Time Warner are Delaware corporations with their principal places of business in New York. Compl. ¶¶ 22, 26. They are therefore citizens of Delaware and New York for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

  f. Partially Important Productions is a Delaware limited liability company with its principal place of business in New York. Compl. ¶ 25. It is therefore a citizen of Delaware and New York for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

  g. The identities of Does 1 through 10 are "presently unknown to Plaintiffs." Compl. ¶ 27. Their citizenship is therefore "disregarded" for purposes of the removal analysis. *See* 28 U.S.C. § 1441(b)(1).

 18. As a result, complete diversity of citizenship exists between Murray Energy, Mr. Murray, and the named Defendants. None of the named Defendants is a citizen of the forum state, West Virginia. An action between these parties is therefore removable. *See* 28 U.S.C. §§ 1332(a)(1); 1441(b)(2).

 **B.** **The Citizenship of the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company Must Be Disregarded Under the Doctrine of Fraudulent Joinder.**

 19. Under the doctrine of "fraudulent joinder," plaintiffs cannot avoid federal diversity jurisdiction through improper joinder of nondiverse plaintiffs. *Mylan Pharm. Inc. v. PG Publ'g. Co.*, No. 1:09CV138, 2009 WL 5195865, at *2 (N.D. W. Va. Dec. 18, 2009); *Grennell v. W. S. Life Ins.*, 298 F. Supp. 2d 390, 395–96 (S.D. W. Va. 2004).

 20. It is well established that the fraudulent joinder doctrine "permits a district court to disregard, for jurisdictional purposes, the citizenship of certain nondiverse defendants, assume jurisdiction over a case, dismiss the nondiverse defendants, and thereby retain jurisdiction." *Mayes v. Rapoport*, 198 F.3d 457, 461 (4th Cir. 1999). Although the Fourth Circuit has not had occasion to address whether the doctrine applies to fraudulently joined plaintiffs, a majority of the courts to have considered the question—including courts in the Northern and Southern Districts of West Virginia—have found that it does. *See, e.g., Burns v. W. S. Life Ins.*, 298 F.

Supp. 2d 401, 402-403 (S.D. W. Va. 2004); *Grennell*, 298 F. Supp. 2d at 395–96; *Mylan Pharm. Inc.*, 2009 WL 5195865, at *2 ("'The Court can see no logic in prohibiting plaintiffs from defeating diversity jurisdiction by fraudulently joining nondiverse defendants, but allowing them to do so through fraudulently joining nondiverse plaintiffs.'" (quoting *Grennell*)); *see also, e.g., Iowa Pub. Serv. Co. v. Med. Bow Coal Co.*, 556 F.2d 400, 404 (8th Cir. 1977) ("[I]f the 'nondiverse' plaintiff is not a real party in interest . . . his or its presence in the case may be ignored in determining jurisdiction."); *In re Benjamin Moore & Co.*, 309 F.3d 296, 298 (5th Cir. 2002); *Clear Channel Commc'ns, Inc. v. Citigroup Glob. Mkts., Inc.*, 541 F. Supp. 2d 874, 877–78 (W.D. Tex. 2008); *Hodach v. Caremark RX, Inc.*, 374 F. Supp. 2d 1222, 1224 (N.D. Ga. 2005); *Ferry v. Bekum Am. Corp.*, 185 F. Supp. 2d 1285, 1291 (M.D. Fla. 2002); *In re Rezulin Prods. Liab. Litig.*, 168 F. Supp. 2d 136, 147–49 (S.D.N.Y. 2001).

21. To establish fraudulent joinder, a defendant must show that there is no colorable basis on which the fraudulently joined nondiverse party could recover. *See Mylan Pharm. Inc.*, 2009 WL 5195865, at *2 (plaintiff must show some "possibility" of success); *see also Mayes*, 198 F.3d at 464 (same).

22. The Complaint asserts claims for defamation, false light invasion of privacy, and intentional infliction of emotional distress.

23. Here, the Complaint sets forth no possible basis of relief upon which the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company could recover against Defendants.[1]

---

[1] The Complaint sets forth no possible basis of relief upon which the Ohio County Coal Company could recover, either, and it is also not a real party in interest. However, the Ohio County Coal Company need not be considered for purposes of the fraudulent joinder analysis because there is complete diversity of citizenship between the Ohio County Coal Company and the named Defendants. The Ohio County Coal Company is "incorporated under the laws of the

24. The absence of allegations involving the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company demonstrates that they are not real parties in interest. Instead, they were added to the Complaint as plaintiffs in a transparent attempt to defeat this Court's exercise of its jurisdiction.

25. The citizenship of the Marshall Coal Company, the Marion County Coal Company, the Monongalia County Coal Company, and the Harrison County Coal Company should therefore be disregarded for the purposes of removal and jurisdiction. *See Grennell*, 298 F. Supp. 2d at 395–96.

### C. The Amount-in-Controversy Requirement Is Satisfied.

28. Plaintiffs do not attempt to quantify the damages sought in this action. But there can be no serious dispute that the amount in controversy plausibly exceeds the jurisdictional requirement of at least $75,000. *See Dart Cherokee Basin Operating Co. v. Owens*, 135 S. Ct. 547, 554 (2014) ("[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold.").

    a. *First*, the Complaint seeks damages for defamation. The Plaintiffs allege that the allegedly defamatory statements will cause significant damage to "the largest underground coal mining company in the United States." Compl. ¶ 9. Specifically, Plaintiffs allege that the allegedly defamatory statements will "prevent[] them from gaining access to capital needed to operate their businesses or mak[e] it more difficult and expensive for them to obtain such capital," Compl. ¶ 63, and "will cause Plaintiffs to suffer a loss of business opportunities," Compl. ¶¶ 65-67.

---

State of Ohio" and has its principal place of business in West Virginia. Compl. ¶ 15. It is therefore a citizen of Ohio and West Virginia for diversity purposes. *See* 28 U.S.C. § 1332(c)(1).

7

  b. *Second*, the Complaint seeks damages for false light invasion of privacy. Compl. ¶ 40. Plaintiffs allege that the speech at issue will cause them to "suffer great mental anguish and emotional distress." Compl. ¶ 73. Plaintiffs further allege that speech at issue will "prevent[] them from gaining access to capital needed to operate their businesses or mak[e] it more difficult and expensive for them to obtain such capital," Compl. ¶ 75, and will cause them to "suffer a loss of business opportunities," Compl. ¶¶ 77-79.

  c. *Third*, the Complaint seeks damages for the alleged intentional infliction of emotional distress of Mr. Murray. The Complaint alleges that "due to the stress and physical damage caused by the malicious and defamatory conduct of Defendants, and resulting misconduct of others incited by Defendants' conduct, Mr. Murray's health has significantly worsened, likely further reducing his already limited life expectancy due to his Idiopathic Pulmonary Fibrosis." Compl. ¶ 88.

  d. *Fourth*, for these various claims, the Complaint seeks not only general damages, but also special damages, punitive damages, and attorneys' fees and costs. Compl. at 22.

  e. *Fifth*, the Complaint seeks "[a] permanent injunction prohibiting rebroadcast of the Defamatory Statements and requiring the removal of the Defamatory Statements from public access." Compl. at 23. "[I]t is well-established that [i]n a suit for injunctive relief, the amount in controversy is measured by the value of the object of the litigation." *McCoy v. Norfolk S. Ry. Co.*, 858 F. Supp. 2d 639, 650 (S.D. W. Va. 2012) (quotation marks omitted). There can be little doubt that the sweeping injunctive relief Plaintiffs seek—a prior restraint against the further transmission of a popular television program, which

the Complaint alleges has already been viewed millions of times, Compl. ¶ 55—would itself satisfy the amount-in-controversy requirement.

29.  This Court therefore has jurisdiction of this civil action pursuant to 28 U.S.C. § 1332, and the action may be removed pursuant to 28 U.S.C. §§ 1441 and 1446.

### III. ALL PROCEDURAL REQUIREMENTS OF REMOVAL HAVE BEEN SATISFIED

30.  Copies of all process, pleadings, and orders are attached to this Notice of Removal as Exhibit A. *See* 28 U.S.C. § 1446(a). While the Defendants have not yet been served, such service is not a prerequisite to removal. *See, e.g.*, *Vitatoe v. Mylan Pharm., Inc.*, No. 1:08CV85, 2008 WL 3540462, at *1 (N.D. W. Va. Aug. 13, 2008) (holding that defendant had properly removed case to federal court where removal occurred "prior to service of the Complaint on any of the defendants").

31.  All Defendants consent to removal. 28 U.S.C. § 1446(b)(2)(A); *Mayo v. Bd. of Educ.*, 713 F.3d 735, 742 (4th Cir. 2013); *Stevens v. Thornsbury*, No. 2:13-cv-31719, 2014 WL 3962478 (S.D. W. Va. Aug. 13, 2014).

32.  Removal to this Court is proper because it is part of the district and division within which the action is pending. *See* 28 U.S.C. §§ 129(a); 1446(a).

33.  The Defendants will promptly provide written notice of this Notice of Removal to Plaintiffs' counsel and file a copy of this Notice of Removal with the Clerk of the Circuit Court of Marshall County, West Virginia. *See* 28 U.S.C. § 1446(d).

Dated: June 30, 2017

By: /s/ Robert P. Fitzsimmons

Robert P. Fitzsimmons, Esq.
W. Va. State Bar I.D. #1212
Clayton J. Fitzsimmons, Esq.
W. Va. State Bar I.D. #10823
FITZSIMMONS LAW FIRM, PLLC
1609 Warwood Avenue
Wheeling, WV 26003
Phone: (304) 277-1700
Fax: (304)277-1705
E-mail: bob@fitzsimmonsfirm.com

*Attorneys for Home Box Office, Inc.*

## CERTIFICATE OF SERVICE

I certify that this June 30, 2017, I caused a copy of the foregoing to be sent by first class mail to counsel for Plaintiffs:

Jeffrey A. Grove, Esq. (#6065)
David L. Delk, Jr., Esq. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 1/2 15th Street
Wheeling, WV 26003

/s/ Robert P. Fitzsimmons
Robert P. Fitzsimmons, Esq.
W. Va. State Bar I.D. #1212
FITZSIMMONS LAW FIRM, PLLC
1609 Warwood Avenue
Wheeling, WV 26003
Phone: (304) 277-1700
Fax: (304)277-1705
E-mail: bob@fitzsimmonsfirm.com