IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| THE MARSHALL COUNTY COAL COMPANY, THE MARION COUNTY COAL COMPANY, THE MONONGALIA COUNTY COAL COMPANY, THE HARRISON COUNTY COAL COMPANY, THE OHIO COUNTY COAL COMPANY,  MURRAY ENERGY CORPORATION,  and ROBERT E. MURRAY, <br><br>     **Plaintiffs,** <br><br>                    v. <br><br>**JOHN OLIVER, CHARLES WILSON, PARTIALLY IMPORTANT PRODUCTIONS, LLC, HOME BOX OFFICE, INC., TIME WARNER, INC., and DOES 1 through 10,** <br><br>     **Defendants.** | Civil Action No.: 5:17-CV-99 <br><br> Judge John Preston Bailey <br><br><br> CIVIL ACTION NO. 17-C-124 <br><br> Judge Cramer <br> (Marshall County Circuit Court) |

### PLAINTIFFS' OBJECTION TO THE
### MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE

Plaintiffs object to the *Motion for Leave to File Brief Amicus Curiae* (Doc. No. 26) (the "Motion") filed by the American Civil Liberties Union of West Virginia Foundation (the "ACLU").  As set forth in *Plaintiffs' Reply Regarding Their Motion for a Temporary Restraining Order* (Doc. No. 22), which is hereby incorporated by reference, Plaintiffs respectfully object to the Court granting any relief other than remand in this case, including allowing the ACLU to interject its biased views, because this Court does not have subject matter jurisdiction over this action.

Further, the Motion fails to cite any legal authority whatsoever that might permit the ACLU to serve as *amicus curiae* in this case.  The Motion cites only to Rule 29(a) of the Federal Rules of Civil Procedure, which says nothing of *amicus curiae* briefs, and is wholly irrelevant. Had the ACLU cited to the relevant case law concerning potential amicus briefs in district courts,

those authorities, as discussed below, would have revealed that courts exercising their discretion on such matters appropriately consider whether a proposed amicus is biased.[1]

More troubling, the ACLU fails to disclose its indisputable and disqualifying bias, notwithstanding that several district courts have noted that impartiality is a key factor to consider when evaluating whether to permit a non-party to serve as *amicus curiae*. *See*, *e.g.*, *United States v. Gotti*, 755 F. Supp. 1157, 1159 (E.D.N.Y. 1991) (denying motion because "[r]ather than seeking to come as a 'friend of the court' and provide the court with an objective, dispassionate, neutral discussion of the issues, it is apparent that the NYCLU has come as an advocate for one side."); *Lehigh v. Engle*, 535 F. Supp. 418, 420 (N.D. Ill. 1982) (holding that at trial court level, "if the proffer comes from an individual with a partisan, rather than an impartial view, the motion for leave to file an amicus brief is to be denied.").

From the tone of its brief alone, it is obvious that the ACLU is not a "friend of the court" offering a dispassionate view of the issues.  Moreover, the ACLU's economic motivations for assisting Defendants and its prejudice against Plaintiffs are a matter of public record.  As for its economic interests, in November of 2016, Defendant Oliver used "Last Week Tonight with John Oliver" to encourage viewers to donate to numerous left-leaning organizations, which—not surprisingly—resulted in an immediate surge of millions of dollars in donations to the ACLU, among others.  *See* **Exhibit A** hereto.  Defendant Time Warner furthered the effort to add to the ACLU's coffers by reporting on Oliver's call for donations the next day.  *See* **Exhibit B** hereto.  Consequently, the ACLU's statement in the Motion that "no party, party's counsel, or other person…contributed money intended to fund preparing or submitting the brief" lacks appropriate

---

[1] The bias factor, as applied by district courts, is not set forth in Federal Rule of Appellate Procedure 29, which of course governs appellate proceedings anyway, and therefore can only be used by district courts for guidance in some respects.  As such, regardless of whether the ACLU meant to cite to the Rule of Appellate Procedure rather than the Civil Rule, its presentation of the pertinent standard is incomplete.

and complete disclosure.  And with respect to the ACLU's political bias and prejudice against Plaintiffs, that is on public display, and can be easily gleaned from the vulgar language on **Exhibit C**.

Dated: August 7, 2017                                       Respectfully submitted,

/s/ Jeffrey A. Grove
Of Counsel for Plaintiff

Jeffrey A. Grove, Esq. (#6065)
David L. Delk, Jr., Esq. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 1/2 15th Street
Wheeling, WV 26003
(304) 905-1961
(304) 905-8628 (facsimile)

Eric Baisen, Esq. (*pro hac vice*)
William M. Alleman, Jr., Esq. (*pro hac vice*)
Michael J. Barrie, Esq. (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff
222 Delaware Avenue
Suite 801
Wilmington, DE 19801
(302) 442-7010

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA**

| | |
|---|---|
| **THE MARSHALL COUNTY COAL COMPANY, THE MARION COUNTY COAL COMPANY, THE MONONGALIA COUNTY COAL COMPANY, THE HARRISON COUNTY COAL COMPANY, THE OHIO COUNTY COAL COMPANY,  MURRAY ENERGY CORPORATION,  and ROBERT E. MURRAY,**<br><br>    **Plaintiffs,**<br>            v.<br><br>**JOHN OLIVER, CHARLES WILSON, PARTIALLY IMPORTANT PRODUCTIONS, LLC, HOME BOX OFFICE, INC., TIME WARNER, INC., and DOES 1 through 10,**<br><br>    **Defendants.** | Civil Action No.: 5:17-CV-99<br><br>Judge John Preston Bailey<br><br><br>CIVIL ACTION NO. 17-C-124<br><br>Judge Cramer<br>(Marshall County Circuit Court) |

**CERTIFICATE OF SERVICE**

I hereby certify that the foregoing Service of the foregoing **PLAINTIFFS' OBJECTION TO THE MOTION FOR LEAVE TO FILE BRIEF AMICUS CURIAE** was electronically filed with the Clerk of this Court on the 7th day of August, 2017, by using the CM/ECF system who shall provide electronic notice of such filing to the following:

Robert P. Fitzsimmons, Esq.
W. Va. State Bar I.D. #1212
Clayton J. Fitzsimmons, Esq.
W. Va. State Bar I.D. #10823
FITZSIMMONS LAW FIRM, PLLC
1609 Warwood Avenue
Wheeling, WV 26003

Kevin T. Baine (*pro hac vice*)
Thomas G. Hentoff (*pro hac vice*)
Williams & Connolly, LLP
725 Twelfth Street NW
Washington, DC 20005
**(Counsel for Home Box Office, Inc.)**

  /s/ Jeffrey A. Grove
Of Counsel for Plaintiffs

Jeffrey A. Grove, Esq. (#6065)
David L. Delk, Jr., Esq. (#6883)
GROVE, HOLMSTRAND & DELK, PLLC
44 1/2 15th Street
Wheeling, WV 26003
(304) 905-1961 / (304) 905-8628 (facsimile)

Eric Baisen, Esq. (*pro hac vice*)
William M. Alleman, Jr., Esq. (*pro hac vice*)
Michael J. Barrie, Esq. (*pro hac vice*)
Benesch, Friedlander, Coplan & Aronoff
222 Delaware Avenue
Suite 801
Wilmington, DE 19801
(302) 442-7010